ACCEPTED
03-15-00107-CV
5540254
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/4/2015 9:48:08 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00107-CV

_____

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/4/2015 9:48:08 AM
JEFFREY D. KYLE
Clerk

_____

SUZANNA ECKCHUM

Appellant,

v.

THE STATE OF TEXAS FOR THE PROTECTION OF HAL KETCHUM

Appellee.

_____

ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
OF COMAL COUNTY
CAUSE NO. C2014-1690C

_____

**APPELLANT SUZANNA ECKCHUM'S MOTION FOR REHEARING ON
COSTS ASSESSED ON CONSOLIDATION**

_____

Mysha Lubke
BAKER BOTTS L.L.P.
State Bar No. 24083423
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701
(512) 322-2500
(512) 322-2501 (fax)
mysha.lubke@bakerbotts.com

**ATTORNEY FOR APPELLANT**

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant Suzanna Eckchum moves for rehearing of the Court's May 21, 2015 Judgment ordering appellant to pay all costs relating to this appeal, both in this Court and the court below. Appellant respectfully requests that this Court grant this motion for rehearing, withdraw the judgment rendered on May 21, 2015, and render a new judgment that assesses no costs because Ms. Eckchum is indigent.

## ISSUE PRESENTED FOR REVIEW

The only issue presented for the Court's review is whether costs should be assessed against Appellant who is indigent.

## ARGUMENT

When the Court granted Appellant's motion to consolidate this appeal with cause number 03-15-00270-CV and dismissed this cause number, the Court also assessed costs against Appellant. While Tex. R. App. P 42.1(d) provides that costs for dismissed appeals be taxed against the appellant, many courts have declined to tax costs against indigent appellants on dismissal. *In Interest of J.M.-H.*, 04-15-00003-CV, 2015 WL 2124777, at *1 (Tex. App.—San Antonio May 6, 2015, no. pet. h.) (granting appellant's motion to dismiss and ordering "that no costs be assessed against appellant because he is indigent"); *In re J.O.*, 04-14-00516-CV, 2014 WL 5199539, at *1 (Tex. App.—San Antonio Oct. 15, 2014, no

pet.) (same); *Shabazz v. Etheridge*, 07-14-00235-CV, 2014 WL 4055840, at *1 (Tex. App.—Amarillo Aug. 14, 2014, no pet.) (same); *In re R.D.*, 08-04-00304-CV, 2005 WL 82204, at *1 (Tex. App.—El Paso Jan. 13, 2005, no pet.) (making no order regarding costs because appellant is indigent); *see also Weather v. Wheeler Coatings Asphalt, Inc.*, 03-00-00660-CV, 2001 WL 194277, at *1 (Tex. App.—Austin Feb. 28, 2001, no pet.) (holding that because no party was indigent, costs were taxed to the party incurring them in a judgment dismissing the case after a settlement agreement);

Since filing her "Affidavit of Indigency" in the trial court along with her notice of appeal,[1] nothing in Ms. Eckchum's financial status has changed such that she is now able to pay any of the costs of appeal. *See* Tex. R. App. p. 20.1(m). Further, the costs of this appeal are substantially the same as the costs of the appeal for cause number 03-15-00270-CV into which this appeal was consolidated. Both appeals stem from the same facts, involve the same parties, and require the same records and filings on appeal. To require Ms. Eckchum to pay the costs of this dismissed appeal is effectively requiring Ms. Eckchum to advance the costs of the consolidated appeal although she is indigent. Though Ms. Eckchum's affidavit of indigence was initially contested, that contest was abandoned and/or overruled by

---

[1] CR at 22-23. The clerk's record was filed in this Court under this cause number on February 21, 2015.

operation of law, the allegations in the affidavit are deemed true, and Ms. Eckchum is allowed to proceed with her now-consolidated appeal without advance payment of costs. Tex. R. App. P. 20.1(i)(4); *Montalvo v. JP Morgan Chase Bank, N.A.*, 375 S.W.3d 553, 554 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Therefore, because Ms. Eckchum filed an affidavit of indigence to establish her inability to pay costs, she asks that no costs be assessed against her in this dismissed cause number. *In re L.R.*, 07-12-00303-CV, 2012 WL 3536787, at *1 (Tex. App.—Amarillo Aug. 16, 2012, no pet.) (granting appellant's request to dismiss the appeal and holding that "[a]ppellant timely filed an affidavit of indigency, so costs are not assessed against appellant.").

## PRAYER FOR RELIEF

Appellant respectfully requests that this Court grant this motion for rehearing, withdraw the judgment rendered on May 21, 2015, and render a new judgment assessing no costs because Ms. Eckchum is indigent.

Respectfully submitted,

By: */s/ Mysha Lubke*
    Mysha Lubke
    State Bar No. 24083423
    mysha.lubke@bakerbotts.com
    BAKER BOTTS L.L.P.
    98 San Jacinto Blvd., Suite 1500
    Austin, TX 78701
    Telephone: (512) 322-2500
    Facsimile: (512) 322-2501

    ATTORNEY FOR APPELLANT
    SUZANNA ECKCHUM

## CERTIFICATE OF COMPLIANCE

As required by Texas Rule of Appellate Procedure 9.4(i), I certify that this motion for rehearing contains 516 words, excluding the parts of the motion exempted by Rule 9.4(i)(1).

*/ s / Mysha Lubke*
Mysha Lubke

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by electronic filing and fax on June 4, 2015:

***Counsel for the State of Texas for the Protection of Hal Ketchum:***

The Honorable Jennifer A. Tharp
Comal County Criminal District Attorney
150 North Seguin, Suite 370
New Braunfels, Texas 78130
preslj@co.comal.tx.us
fax:  830-608-2008

*/ s / Mysha Lubke*
Mysha Lubke