**Humberto MONTALVO, Individually and d/b/a Montalvo Produce of Mexico, Appellant**

v.

**JP MORGAN CHASE BANK, N.A., Appellee.**

**No. 14–11–01022–CV.**

Court of Appeals of Texas, Houston [14th Dist.].

July 10, 2012.

David George, Houston, for appellant.

Rachel R. Rosen, Houston, for appellee.

Panel consists of Justices BOYCE, CHRISTOPHER, and JAMISON.

**OPINION**

MARTHA HILL JAMISON, Justice.

This appeal is from an order signed November 10, 2011, sustaining a contest to

---

the affidavit of indigence filed by appellant in Appeal No. 14–11–00987. An indigent party may obtain the record pertaining to the trial court's ruling sustaining the contest to his affidavit of indigence and challenge that ruling. *See In re Arroyo,* 988 S.W.2d 737, 738–39 (Tex.1998). Accordingly, we ordered those portions of the record necessary to review the order sustaining the contest to appellant's affidavit of indigence be filed with the clerk of this court. The district clerk filed a partial clerk's record containing the documents relevant to appellant's indigence claim. No reporter's record was taken.

Texas Rule of Appellate Procedure 20.1 governs the procedure to be followed when a party seeks to appeal without the advance payment of costs. *See* Tex.R.App. P. 20.1. Rule 20.1(i)(1) provides if an affidavit is filed in the trial court and a contest is filed, as in this case, "the trial court must set a hearing and notify the parties and the appropriate court reporter of the setting." The hearing must be conducted, or an order signed extending the time to conduct the hearing within 10 days after the contest was filed. Tex.R.App. P. 20.1(i)(2)(A). "The time for conducting a hearing on the contest must not be extended for more than 20 days from the date the order is signed." Tex.R.App. P. 20.1(i)(3). Unless—*within the period set for the hearing*—the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs. Tex.R.App. P. 20.1(i)(4) (emphasis added).

The record before this court reflects that appellant's affidavit of indigence was filed October 12, 2011. A contest was filed within 10 days, on October 21, 2011. No motion to extend the time to conduct the

hearing was filed. The trial court did not hold a hearing within 10 days of October 21, 2011. Instead, the trial court signed an order on October 31, 2011 that gave notice of hearing "by submission" on November 7, 2011.[1] On November 10, 2011, the trial court signed an order sustaining the contest.

■■■ The order sustaining the contest needed to be signed "within the period set for the hearing," which was November 7, 2011. *Watson v. Hart,* 871 S.W.2d 914, 919 (Tex.App.-Austin 1994, orig. proceeding). Although a court may extend the time to conduct the hearing up to 20 days from the date of the order extending the time to hold the hearing, it is not prohibited from extending the time for a period shorter than 20 days. *Id.* In this case, the period selected by the court in its order was November 7, 2011. Pursuant to Tex. R.App. P. 20.1(i)(4), therefore, the trial court was required to sign an order sustaining the contest on or before November 7, 2011, or take as true the allegations in the affidavit. *See Cullum v. White,* No. 04–09–00695, 2010 WL 3333056, \*1 (Tex. App.-San Antonio 2010, no pet.) (Because the trial court signed the order sustaining the contest after the time set for the hearing, the allegations of indigence were deemed true.) The trial court's order sustaining the contest was not signed until November 10, 2011, and therefore was not timely. *See In re G.C.,* 22 S.W.3d 932, 933 (Tex.2000).

Because the court signed the order sustaining the contest outside the permissible time frame, we conclude the court abused its discretion in sustaining the contest. The allegations in appellant's affidavit are deemed true, and appellant is allowed to proceed without prepayment of costs.

---

1. Because it is not necessary for the disposition of this appeal, we do not decide whether or not this contest can be heard on a "Submission Docket."

Tex.R.App. P. 20.1(i)(4); *Jamilah v. Washington Mut. Bank, F.A.,* No. 14–06–00013–CV, 2007 WL 925783, *1 (Tex.App.-Houston [14th Dist.] Mar. 29, 2007, no pet.) (mem. op.). We reverse the trial court's order sustaining the contest and issue the following order.

Appeal number 14–11–00987–CV, which was abated until this appeal was determined, is reinstated. The Harris County District Clerk is ordered to file a complete clerk's record in appeal number 14–11–00987–CV, without the advance payment of costs, containing the contents required by Texas Rule of Appellate Procedure 34.5(a) within 30 days. The official court reporter, Sheila R. Skidmore, has certified to this court that no reporter's record was taken in the underlying appeal. Accordingly appellant's brief in appeal number 14–11–00987–CV will be due thirty (30) days after the clerk's record has been filed. *See* Tex.R.App. P. 38.6(a).

CHRISTOPHER, J., concurring opinion.

TRACY CHRISTOPHER, Justice, concurring.

I respectfully concur with the majority opinion but write separately to express my concern with the fact that the hearing in this case was set by submission. A number of years ago, trial courts began to hold "hearings by submission." In such a "hearing," the trial court rules solely on the parties' written submissions and does not hear evidence or arguments of the parties. These submission hearings are useful to both the trial court and the parties, allowing the court to rule on issues without the added time and expense of an oral hearing in court.

Some parties have contested the use of a submission docket, arguing that a hearing by submission does not meet the requirements of the Texas Rules of Civil Proce-

dure. The Texas Supreme Court has routinely rejected the argument that the word "hearing" in the rules of civil procedure necessarily means an "oral hearing." *See, e.g., Martin v. Martin, Martin & Richards, Inc.,* 989 S.W.2d 357, 359 (Tex.1998) (oral hearing not required on motion for summary judgment); *Cire v. Cummings,* 134 S.W.3d 835, 843–44 (Tex.2004) (oral hearing not required on motion to compel and for sanctions). However, an oral hearing may be required when the express language of the rule or the context of the rule would require an oral hearing. *See Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.,* 754 S.W.2d 152 (Tex.1988) (oral hearing required on motion to reinstate when language of rule required court to notify all parties of the *date, time and place of hearing* ).

Rule 20.1 of the Texas Rules of Appellate Procedure does not expressly require an oral hearing. *See* Tex.R.App. P. 20.1. However, I believe that a careful reading of the rule's language and context suggests that one may be required. First, Rule 20.1(g)(1) specifically provides that, if an indigent person is incarcerated at the time of the hearing on the contest, the affidavit must be considered as evidence and is sufficient to meet the indigent's burden to present evidence "without the indigent party's attending the hearing." *See* Tex.R.App. P. 20.1(g)(1). This would imply that the hearing on a contest is one that would have required attendance—*i.e.,* an oral hearing. Second, Rule 20.1(h) provides additional context supporting this interpretation, even though it does not directly address trial courts. Under Rule 20.1(h), appellate courts may conduct a hearing *or* decide the contest based on the affidavit and any other timely filed documents. *See* Tex.R.App. P. 20.1(h)(1)-(2). This implies that conducting a "hearing" in the context of Rule 20.1 is an oral hearing because it is

different from deciding the contest solely on the affidavits and other documents, which is what happens in a submission hearing. Section 20.1(h) also allows an appellate court to refer the matter to the trial court "to hear evidence," which could only occur at an oral hearing. *See* Tex. R.App. P. 20.1(h)(4). Finally, this interpretation is supported by the language of Rule 20.1(i), which is entitled "Hearing and Decision in the Trial Court." This section requires the trial court to set a hearing and notify the parties and the court reporter of the hearing if a contest was filed or if the appellate court refers a contest to the trial court for a hearing. The purpose of the appellate court referral discussed in this rule is for the trial court to "hear evidence." *See* Tex.R.App. P. 20.1(h)(4). This provision further supports my conclusion that the hearing on a contest in the trial court should be an oral hearing at which a party presents evidence.

Even if the rule did not require an oral hearing, I would have concerns about the submission process. It is true that the notice of submission in this case stated that a party could request an oral hearing, but at what point would a party have to make that request? And, given the tight time requirements in this rule, the oral hearing would have to take place the same day that the hearing was set on the submission docket. This might be unworkable. Also, under section 20.1(g)(1), once a contest is filed, a party must "prove the affidavit's allegations." Tex.R.App. P. 20.1(g)(1). Normally, this takes place at

an oral hearing by testimony of the party. The party's oral testimony of indigence, under cross examination, is sufficient. The indigent person does not have to bring any records with him, although it may be useful to do so. If the matter was on submission, what would replace the indigent's own testimony? Would the indigent party have to submit another affidavit to prove the affidavit already on file? According to the findings of fact, the trial judge in this case did review the original affidavit of the party when he sustained the contest, and appears to have considered it for the truth of the matters asserted.[1] But he also faulted the party's affidavit as defective, when this defect could have been cured at an oral hearing. *See In re M.G.D.*, 108 S.W.3d 508, 516 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) ("Trial courts generally may allow a defective affidavit of indigency to be ... supplemented with testimony at the hearing.") (citing *In re J.W.*, 52 S.W.3d 730, 732 (Tex.2001)); *Weeks v. Hobson*, 877 S.W.2d 478, 480 (Tex.App.-Houston [1st Dist.] 1994, orig. proceeding) (implying that affidavit of indigence could have been amended by testimony at evidentiary hearing).

I concur in the majority as to the disposition of this case, but urge trial courts to be mindful of the potential pitfalls of setting these motions on their submission dockets.

---

1. It appears from the trial court's findings of fact that the trial court's ruling was based on the affidavit. The trial court found that "defendant has exempt unencumbered assets that defendant has not attempted to collateralize to pay for the costs of the appeal" and that "defendant failed to state what costs he could pay on appeal." There is no evidence to support either of those findings. Defendant testified that he had tried to sell the two exempt pieces of property but received no offers on them, and said that he was told that he cannot sell or get a loan on his properties because of pending tax liens, environmental penalties and an IRS lien. Further, he plainly stated in his affidavit, "I am unable to pay the costs of appeal."