ACCEPTED
03-15-00606-CV
7444963
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/20/2015 8:26:40 AM
JEFFREY D. KYLE
CLERK

CASE NO. 03-15-00606-CV

| | | |
|---|---|---|
| JERMANE A. HOPKINS | § | IN THE COURT OF APPEALS |
|     *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| MARC OTT, IN HIS OFFICIAL AND | § | |
| PERSONAL CAPACITIES, HUBERT | § | |
| "ART" ACEVEDO, IN HIS OFFICIAL | § | |
| AND PERSONAL CAPACITIES, ANNE | § | |
| MORGAN, JANNETTE GOODALL, | § | THIRD DISTRICT |
| CATHY CURTIS, STEPHEN ELKINS, | § | |
| MARK WASHINGTON, JOYA HAYES, | § | |
| AUSTIN POLICE DEPARTMENT, | § | |
| CITY OF AUSTIN LAW DEPARTMENT, | § | |
| OFFICE OF THE CITY CLERK, CITY | § | |
| OF AUSTIN HUMAN RESOURCES | § | |
| DEPARTMENT, CITY OF AUSTIN | § | |
| COMMUNICATIONS AND | § | |
| TECHNOLOGY MANAGEMENT, | § | |
| and the CITY OF AUSTIN | § | |
|     *Defendants* | § | AT AUSTIN, TEXAS |

FILED
*October 20, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

### APPELLANT'S MOTION FOR REVIEW OF TRIAL COURT'S ORDER SUSTAINING AMANDA ANDERSON'S CONTEST OF APPELLANT'S AFFIDAVIT OF INABILITY TO PAY COSTS

Appellant, Jermaine A. Hopkins, moves for a review of the trial court's order sustaining Amanda Anderson's Contest of Affidavit of Inability to Pay Costs by the Third Court of Appeals at Austin, Texas. R. 20.1(j)(1), TRAP.

### INTRODUCTION

1.    Appellant is an unmarried disabled veteran of the United States Army and he deployed to Baghdad, Iraq where he was awarded the Purple Heart by the President of the United States of America as a result of combat-related injuries that he sustained as a result of a roadside-bomb detonation while serving as a military police officer (Sergeant). The U.S. Department of Veterans

*Motion to Review Trial Court's Order Sustaining Contest of Affidavit of Indigency* - Page 1

Affairs has determined that Appellant's military service-connected disabilities have entitled him to a seventy (70) percent rating.[1] As a result, Appellant receives a monthly service-connected disability benefit of $1,134.71/month.[2] Appellant worked for the City of Austin as a police officer until he was terminated as a result of his activity protected by the laws enforced by the U.S. Equal Employment Opportunity Commission (EEOC) and other laws.[3] All of the public information responsive to appellant's requests was not provided to him. Plaintiff filed suit in the Travis County District Court. On September 25, 2015, an order granting Appellee, Anne Morgan's, Plea to the Jurisdiction and Rule 91a Motion. Appellant immediately began drafting the requisite forms to perfect his appeal. On September 29, 2015, Appellant appeared before a notary public and swore to his October 25, 2015 affidavit of indigency, which he timely filed with the District Court pursuant to R. 20.1, TRAP.[4] On October 7, 2015, Amanda Anderson ("Anderson"), Official Court Reporter, Travis County Court at Law No. 2, filed a Contest of Inability to pay costs in the Travis County District Court. On October 19, 2015, a hearing was held before the Hon. Tim Sulak, 353rd District Court of Travis County, on October 19, 2015. During the October 19, 2015 hearing, Appellant appeared *pro se* and Anderson appeared with

---

[1] "Although the primary purpose of VA's disability compensation program is compensation for impairment in earning capacity, the program also provides for additional monthly compensation over and above the amount based on the schedule, for loss of "physical integrity." Loss of physical integrity is defined as tissue loss, loss of body parts, or any disease or injury that makes an individual less functionally whole." United States House of Representatives. Committee on Veterans Affairs. VA Disability Compensation: Disability Benefits May Not Reflect Veterans' Economic Losses. P. 7. Washington: United States Government Accounting Office, 1997. Available at http://www.gao.gov/archive/1997/he97009.pdf (last visited on October 19, 2015).

[2] *See* 38 U.S.C. §§ 1104 (Cost of Living Adjustment); and 1110 (Basic Entitlement).

[3] Appellant was employed from September 14, 2009 through October 14, 2014. On or about August 26, 2013, after filing a Charge of Discrimination with the EEOC, Appellant began to seek information, via § 552.221, Tex. Gov't. Code, in an effort to prove that he was being subjected to unlawful employment discrimination.

[4] Appellant timely filed the September 29, 2015 affidavit of indigency with Clerk of this Court of Appeals on October 6, 2015.

Assistant County Attorney Andrew Williams.[5] Plaintiff gave testimony under oath and entered five exhibits into evidence.[6] At the conclusion of the hearing, the Hon. Sulak admitted Appellant's sustained Anderson's Contest of Affidavit of Inability to Pay Costs. Appellant hereby files this Motion for Review of Trial Court's Order Sustaining Amanda Anderson's Contest of Appellant's Affidavit of Inability to Pay Costs and respectfully requests that this Court review whether the trial court abused its discretion in finding that the record as a whole showed that Appellant would be able to pay costs if he made a good-faith effort to do so.

## ARGUMENTS & AUTHORITIES

### *Affidavit of Indigency*

2.      a.      In lieu of paying or giving security for costs of an original action, a party who is unable to afford costs must file an affidavit as herein described. A "party who is unable to afford costs" is defined as a person who is presently receiving a governmental entitlement based on indigency or any other person who has no ability to pay costs. TRCP 145. "[A] pauper's affidavit need comply only substantially, not strictly, with requirements of the rules of procedure." *Walker v. Blue Water Garden Apts.*, 776 S.W.2d 578, 580-81 (Tex.1989).

---

[5] Travis County District Court Cause No. D-1-GN-15-000927 was consolidated with Travis County District Court Cause Nos. D-1-GN-15-001711 and D-1-GN-15-003551 at the request of Defendants. Assistant County Attorney Williams is counsel of record for Defendant David Escamilla (Cause No. D-1-GN-15-003115). Assistant County Attorney Williams purported on record that he was not counsel for Anderson, however, he was handling Appellant's exhibits and providing Anderson with legal advice during the hearing. Assistant County Attorney William's also went on the record to refute Appellant's arguments. Even if he was not appearing as counsel for Anderson, the conduct that Appellant pointed out on record, demonstrates the gross collusion, and/or the appearance of such, amongst the City Defendants, Defendant Esscamilla, Defendants' counsel and Travis County District Court personnel with regard to Appellant's lawsuit(s).

[6] Anderson objected to the admission of all five of Appellant's exhibits. The objection was overruled with regard to Appellant's Exhibits 1 through 3, and sustained with regard to Appellant's Exhibits 4 and 5.

b.  Appellant's affidavit of indigency contained complete information as to the party's identity, nature and amount of governmental entitlement income,[7] nature and amount of employment income and other income (interest, dividends, etc.),[8] spouse's income if available to the party,[9] property owned (other than homestead),[10] cash or checking account, dependents,[11] debts,[12] and monthly expenses. The affidavit contained the following statements: "I am unable to pay the court costs. I verify that the statements made in this affidavit are true and correct." Appellant's affidavit was sworn before a notary public and the statements made in Appellant's affidavit were true and correct as he knew or understood them to be at the time.

***The Court's order sustaining Anderson's contest was not timely.***

3.  a.  If the trial court does not timely sign an order extending the time for the hearing, it must make a written ruling on the contest within ten days after the contest was filed in the trial court or the trial court received the referral from the appellate court. *See* TRAP 20.1(i)(2), (i)(4). "If a party files an affidavit of inability to pay costs … and no contest to the affidavit is timely filed or the court fails to rule on the contest within the allotted time, the court is bound to accept the allegations in the affidavit as true. Thereafter, the party is absolutely entitled to the exemption from costs, and the trial court lacks the authority to affect the party's entitlement." *Rios v.*

---

[7] Appellant was not the recipient of governmental entitlement income.

[8] Appellant has worked occasional self-employment in 2015, but in September 2015 Appellant's only source of income was his monthly compensation benefit from the U.S. Department of Veterans Affairs. In an abundance of caution, Appellant attempted to provide more information than he was required.

[9] Appellant is unmarried.

[10] Appellant owns a 2002 Honda Accord.

[11] Appellant does not have any dependents.

[12] Appellant acknowledged and disclosed the unintentional omission of a recent lien that was placed on his vehicle.

*Calhoon*, 889 S.W.2d 257, 258-59 (Tex.1994); *see also Hector v. Thaler*, 927 S.W.2d 95, 99 (Tex.App.—Houston [1st Dist.] 1996, writ denied).

b.      The Anderson's contest was filed in the Travis County District Court on October 7, 2015.

c.      The trial court did not timely sign an order extending the time for the hearing. To extend the time for the hearing on the contest, the trial court must sign an order extending the time within ten days after the contest was filed in the trial court or the trial court received the referral of the contest from the appellate court. TRAP 20.1(i)(2); *In re G.C.*, 22 S.W.3d 932, 932-33 (Tex.2000); *see, e.g., Fedorov v. Fedorov*, ___ S.W.3d ___ (Tex.App.—Austin 2014, order) (No. 03-14-00430-CV; 7-25-14) (trial court's order stating that it "needed more information to make a decision" was not sufficient to extend time for hearing when order was signed more than ten days after contest was filed).

d.      The October 19, 2015 hearing on Anderson's contest was not had until twelve days after Anderson's contest was filed with the trial court. *See Montalvo v. JP Morgan Chase Bank*, 375 S.W.3d 553, 554 (Tex.App.—Houston [14th Dist.] 2012, no pet.) .

e.      Neither Appellant, nor Anderson, were issued a signed order sustaining Anderson's contest at the conclusion of the hearing on October 19, 2015. "In the absence of a written order sustaining a contest, the allegations of the affidavit are taken to be true. A docket entry does not constitute a written order." S*mith v. McCorkle*, 895 S.W.2d 692, 692 (Tex.1995); *See also Grossnickle v. Turner*, 903 S.W.2d 362, 364 (Tex.App.—Texarkana 1995, orig. proceeding); *In re G.C.*, 22 S.W.3d at 932-33; *Montalvo v. JP Morgan Chase Bank*, 375 S.W.3d 553, 554 (Tex.App.—Houston [14th Dist.] 2012, no pet.).

***Anderson objected to, but did not refute Appellant's Evidence***

4. a. The indigent must offer proof of indigence, such as his testimony about the contents of his affidavit. *See In re Sosa*, 980 S.W.2d 814, 815 (Tex.App.—San Antonio 1998, orig. proceeding) (indigent testified at hearing in addition to introducing affidavit in evidence). The court may consider testimony from the trial on the merits in determining the party's indigence. *See Keller v. Walker*, 652 S.W.2d 542, 544 (Tex.App.—Dallas 1983, orig. proceeding).

 b. Appellant offered five exhibits into evidence. Anderson objected all five of Appellant's offered exhibits based upon their authenticity. Appellant was placed under oath and gave testimony sufficient to authenticate the entered exhibits.

 c. Anderson cross-examined Appellant, but her arguments rested on the basis of what evidence Plaintiff did not bring. Anderson did not offer any evidence, nor did she offer any testimony under oath. When the party offers some evidence of indigence, the court cannot disregard the evidence if no one offers any other evidence. *Griffin Indus. v. Thirteenth Ct. of Appeals*, 934 S.W.2d 349, 352 (Tex.1996); *see In re Sosa*, 980 S.W.2d at 816. Intense cross-examination is no substitute for rebutting evidence. *See Sansom v. Sprinkle*, 799 S.W.2d 776, 778 (Tex.App.—Fort Worth 1990, orig. proceeding).

Appellant's Job Search Progress

5. a. Although Appellant's testimony demonstrates that Appellant has made a good faith effort to locate employment or to have his previous employment reinstated, Appellant's employment search was irrelevant. To prove inability to obtain a loan, the indigent does not need to show he actually applied for employment and was rejected. *See Griffin Indus. v. Thirteenth Ct.*

*of Appeals*, 934 S.W.2d 349, 351 (Tex.1996) (showing that indigent has no collateral or no income stream is sufficient).

      b.     At the hearing, Appellant proved that he has (1) no money to pay for the costs, (2) no assets that he could sell, and (3) no ability to obtain a loan.

      c.     The record, as a whole, shows by a preponderance of the evidence that Appellant was unable to pay the costs, or a part thereof, or give security therefor, and that Appellant made a good-faith effort to do so. *Higgins v. Randall Cty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008); *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (Tex.1942); *Garza v. Garza*, 155 S.W.3d 471, 475 (Tex.App.—San Antonio 2004, no pet.).

**CONCLUSION**

6.     Because the trial court did not sign a timely court does not sign an order ruling on the contest within ten days after Anderson filed her Contest of Affidavit of Inability to Pay Costs, the contest was overruled by operation of law and the allegations in the Appellant's affidavit are deemed true. Alternatively, through unrelated evidence, Appellant proved his inability to pay all or some of the costs.

**PRAYER**

7.     Appellant prays that this Court of Appeals find that Amanda Anderson's contest was overruled by operation of law and the allegations in the Appellant's affidavit are deemed true, or that it review whether the trial court abused its discretion in finding that the record as a whole shows that the Appellant would be able to pay costs if he made a good-faith effort to do so, and rule, and reverse the order of the trial court so that Appellant's appeal may proceed without the payment of costs.

Respectfully submitted,


 /s/ Jermaine A. Hopkins
Jermaine A. Hopkins
Plaintiff, Pro Se
106 Lakewood Trail
Leander, Texas 78641
Telephone: (408) 839-4904
jhop408@gmail.com