**Affirmed and Opinion filed June 25, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00153-CV

---

### KIEN M. NGUYEN, Appellant

### V.

### CITIBANK N.A., Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 997217**

---

## O P I N I O N

Kien M. Nguyen appeals from a final summary judgment favoring Citibank N.A. in Citibank's action to collect a credit card debt from Nguyen. The trial court awarded Citibank $24,867.81. In three issues, Nguyen alleges that (1) Citibank lacks standing to bring the lawsuit, (2) an affidavit used as summary judgment evidence by Citibank was defective, and (3) a material question of fact exists concerning the amount of the alleged debt. We affirm.

## *Background*

Citibank filed suit against Nguyen, alleging that he owed and failed to pay on a credit card account. Citibank thereafter moved for final summary judgment only on its account stated claim, abandoning its other causes of action.[1]

In support of its motion, Citibank attached an affidavit by Tiena Reynolds in which she stated that she is employed by Citicorp Credit Services, Inc. (CCSI), a subsidiary of Citibank that services accounts owned by Citibank.[2] She further explained that she is "a custodian of records for CCSI and Citibank with respect to accounts owned by Citibank." Reynolds identified Nguyen's account as being owned by Citibank. She stated that CCSI and Citibank maintain certain account information and records in the ordinary course of business and that such records reflect the activity on Nguyen's account, including charges and payments made, interest accrued, and balances due. She authenticated numerous billing statements attached to the affidavit and testified they were sent to Nguyen, Nguyen had failed to make required payments, and Nguyen was currently in default on the account. She stated that, as reflected in the attached records, a balance of $24,867.81 was then due and owing.

Reynolds further explained that her statements in the affidavit were true and correct and based on her own personal knowledge as custodian of records and review of relevant business records that she had access to by virtue of her position with CCSI. She concluded by reiterating that Citibank is the owner of Nguyen's account "and the party and entity to whom the delinquent debt is owed."

In response to Citibank's motion for summary judgment, Nguyen filed both a motion to abate the proceedings and a response to the motion for summary

---

[1] Citibank also pleaded breach of contract and common law debt.

[2] In the affidavit, "Citibank" is a defined term for Citibank, N.A.

judgment on the same day. In those documents, Nguyen questioned whether Citibank had standing to bring the lawsuit since he alleged the entity that sent him statements was called "Citi Cards." In support, he referenced the account records attached to Reynolds's affidavit and his own verification of the motion to abate and denial of the account in response to Citibank's request for admission. He emphasized that Reynolds's affidavit does not mention Citi Cards and the summary judgment evidence does not reference Citibank. He further challenged Reynolds's statements in her affidavit asserting Citibank owned the account at issue. The trial court granted Citibank final summary judgment and awarded it $24,867.81 plus court costs and post-judgment interest.

*Standing*

In his first issue, Nguyen contends that Citibank lacks standing to sue to collect on the account.[3] Standing is a prerequisite to subject matter jurisdiction, and subject matter jurisdiction is essential to a court's power to decide a case. *Bland I.S.D. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). The issue of standing focuses on whether a party has a sufficient relationship with a lawsuit to have a "justiciable interest" in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). A plaintiff has standing when it is personally aggrieved. *Id*. The standing doctrine requires that there be a real controversy between the parties that actually will be determined by the judicial declaration sought. *Id*. at 849. Standing is a question of law subject to de novo review. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012).

---

[3] The elements of an account stated claim include: (1) transactions between the parties gave rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixed an amount due; and (3) the one to be charged made a promise, express or implied, to pay the indebtedness. *Schwartzott v. Maravilla Owners Ass'n*, 390 S.W.3d 15, 19 (Tex. App.—Houston [14th Dist.] 2012, pet denied).

Nguyen specifically argues that Citibank lacked standing because the entity identified in the account records—as the one sending the credit card statements and to whom payments were to be sent—was Citi Cards, and Citibank failed to expressly assert or establish that it was related in any way to Citi Cards or had a right to bring suit on behalf of Citi Cards. Nguyen further points out that in her affidavit, Reynolds drew no explicit connection between Citi Cards and Citibank. He also notes that the home office of Citibank (Sioux Falls, South Dakota), as set forth in the affidavit, is not the location to which he was directed to send his payments (Columbus, Ohio).

As described above, in her affidavit, Reynolds attested to the basis for her knowledge and explained that Citibank was the owner of the account in question, the delinquent balance was owed to Citibank, and the account records attached to the affidavit belonged to Citibank. *Cf. First Gibraltar Bank, FSB v. Farley*, 895 S.W.2d 425, 428 (Tex. App.—San Antonio 1995, writ denied) ("Testimony in an affidavit that a particular person or entity owns a note is sufficient to conclusively establish ownership even in the absence of supporting documentation if there is no controverting summary judgment evidence."); *Hou–Tex Printers, Inc. v. Marbach*, 862 S.W.2d 188, 191 (Tex. App.—Houston [14th Dist.] 1993, no writ) (explaining ownership of note may be established through affidavit) (citing *Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983)). Therefore, Citibank indeed established that it owned the account.

Nguyen's reliance on the fact that the account statements came from and payments were to be sent to Citi Cards does not directly contradict Reynolds's assertion that Citibank owns the account. *See Grant–Brooks v. Transam. Bank, N.A.*, No. 05–02–00754–CV, 2003 WL 203481, at *2 (Tex. App.—Dallas Jan. 31, 2003, no pet.) (mem. op.) (holding that fact another bank's name appeared on

4

credit application signed by debtor did not controvert plaintiff bank employee's affidavit asserting ownership on behalf of plaintiff bank). Similarly, the mere alleged fact that the headquarters for Citibank is in a different city than the location to which Nguyen was directed to send his payments does not contradict Reynolds's assertion of ownership on behalf of Citibank. Accordingly, the record establishes Citibank had standing to bring this suit. We overrule Nguyen's first issue.

*Affidavit*

In his second issue, Nguyen asserts that Reynolds's affidavit was defective and therefore not competent summary judgment evidence. Under this brief issue, Nguyen again points out that Reynolds does not expressly refer to Citi Cards—the name that appears on the billing statements and to which he was to send his payments—and additionally suggests Reynolds's affidavit is conclusory and not based on personal knowledge. Affidavits supporting or opposing summary judgment must be made on personal knowledge. Tex. R. Civ. P. 166a(f). Affidavits containing conclusory statements that fail to provide the underlying facts to support the conclusion are not proper summary judgment evidence. *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

As discussed above, Reynolds's assertion of ownership of the account on behalf of Citibank was sufficient to conclusively establish such ownership in the absence of controverting evidence. *See Grant–Brooks*, 2003 WL 203481, at *2; *Farley*, 895 S.W.2d at 428; *Hou–Tex Printers*, 862 S.W.2d at 191. Reynolds explains in the affidavit that her statements were based on her own personal knowledge as custodian of records for Citibank and CCSI and review of relevant business records that she had access to by virtue of her employment position. *See Grant–Brooks*, 2003 WL 203481, at *2; *see also Ortega v. Cach, LLC*, 396 S.W.3d

5

622, 627-28 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding affidavit statements by custodian of records, based upon review of company's business records, contained sufficient evidence of ownership of account); *8920 Corp. v. Alief Alamo Bank*, 722 S.W.2d 718, 719-20 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (holding affidavit by bank president was sufficient to support summary judgment where it established plaintiff bank owned the note and the amount due on the note and defendant failed to offer controverting evidence). Reynolds's affidavit was not conclusory and was based on personal knowledge. Accordingly, we overrule Nguyen's second issue.

*Amount of Debt*

In issue three, Nguyen contends that a genuine question of material fact exists concerning the amount of the alleged debt, thus prohibiting the grant of summary judgment. In reviewing a grant of traditional summary judgment under Texas Rule of Civil Procedure 166a(c), we apply the standards set forth in *Nixon v. Mr. Property Management Co.*, which include (1) the movant has the burden to establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, (2) evidence favorable to the nonmovant will be taken as true, and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. 690 S.W.2d 546, 548–49 (Tex. 1985).

Nguyen acknowledges that Citibank produced numerous credit card statements for his account and that the last of these showed a balance due and owing of $24,867.81, the amount the trial court awarded Citibank. Nguyen argues, however, that he raised a fact question on the amount due when he expressly denied any debt to Citibank in his response to Citibank's request for admissions and in his verified motion to abate the proceedings. Both documents were

6

referenced in Nguyen's response to the motion for summary judgment.

Regarding his alleged denial of the debt to Citibank in his responses to the requests for admission, we first note that Nguyen did not attach those responses to his response to the motion for summary judgment but merely referred to them in that document.[4] *See* Tex. R. Civ. P. 166a(d) (permitting use of discovery products not on file with the clerk as summary judgment if copies of the material and notice of the intent to use are properly served on other party); *Neely v. Comm'n for Lawyer Discipline*, 302 S.W.3d 331, 347 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (citing Rule 166a(d) and explaining that we cannot consider summary judgment evidence that was not before the trial court). Furthermore, even if Nguyen had provided the responses, denials in response to requests for admissions are generally not proper summary judgment evidence. *See Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143, 143 (Tex. 1980); *Twenty-nine (29) Gambling Devices v. State*, 110 S.W.3d 146, 151 n.6 (Tex. App.—Amarillo 2003, no pet.).

Verified pleadings typically cannot be used as summary judgment evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660-61 (Tex. 1995). Even if Nguyen's verified motion to abate could be viewed as evidence in this case, however, he does not deny in the motion that he owes $24,867.81 on the credit card account in question. He merely suggests that Citibank "appears to be a separate legal entity from Citi Cards" and argues Citibank failed to prove it owned the account. Because Nguyen did not deny the amount or fact of the debt and merely questioned whether Citibank could prove whether it owned the account, a matter discussed above and resolved in Citibank's favor, the verified pleading does not raise a fact issue concerning the amount of the debt precluding summary

---

[4] If the responses were previously filed with the court, they are not included in the appellate record and thus are not available for our review.

judgment.  Consequently, we overrule Nguyen's third issue.

We affirm the trial court's judgment.

/s/     Martha Hill Jamison
           Justice

Panel consists of Justices Christopher, Jamison, and McCally.