**Affirmed and Opinion Filed January 27, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00153-CV

**AMERICAN EXPRESS NATIONAL BANK, Appellant**
**V.**
**CHRISTOPHER SHERWOOD A/K/A CHRISTOPHER J. SHERWOOD A/K/A CHRIS SHERWOOD, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-14540**

## MEMORANDUM OPINION

Before Justices Osborne, Reichek, and Carlyle
Opinion by Justice Osborne

American Express National Bank ("Bank") filed suit against Christopher Sherwood to collect amounts it alleged were due on two credit card accounts. After a bench trial, the trial court rendered judgment that the Bank take nothing from Sherwood. The trial court also made findings of fact and conclusions of law that the Bank lacked standing to recover on its claims. Because the Bank did not conclusively prove its right to recover on the accounts, we affirm the trial court's judgment.

BACKGROUND

The Bank sued Sherwood for breach of contract on two credit cards, an American Express EveryDay card with a balance of $17,613.25 ("the EveryDay card"), and an American Express Hilton Honors card with a balance of $9,190.22 ("the Hilton Honors card"). Sherwood filed a verified denial that the Bank owned the accounts. The case proceeded to trial before the court.

William McCarter, the Bank's assistant custodian of records, testified that Sherwood applied for and was approved for a credit card account from "American Express" with an account number ending in 62009. Exhibit 1A, a card member agreement dated October 14, 2015, was admitted into evidence showing "American Express Centurion Bank" as the issuer and "Christophe Sherwood" as the card member for an Amex EveryDay card.

Exhibit 1A reflected an account number ending in 61001, not 62009. McCarter explained that the account number on the EveryDay account changed from 61001 to 62009 on July 7, 2017. He attributed this change to a change in the card number, and testified that the card number could have changed "[f]or various different reasons; lost, stolen, the card member could request a new card." On cross-examination, McCarter testified that despite the different account numbers, the accounts were the same "[d]ue to all the other information, the card member's name, the card member's address that are listed on all the statements, whether it says 61001 or the 62009." He conceded that there was no documentation in the file showing the

reason for the change, but testified he is "[o]ne hundred percent" confident that "this is the same card."

The Bank offered monthly statements beginning in February 2016 and ending in May 2017 for the EveryDay account number ending in 61001, and monthly statements beginning in June 2017 and ending in October 2018 for the EveryDay account number ending in 62009. These statements were admitted into evidence as Exhibit 2A. The February 9, 2018 statement includes a note that "American Express Centurion Bank ("AECB") will undergo a legal entity change and be known as American Express National Bank ("AENB") as of April 1, 2018. Following that date, AENB will become the issuer of your Account." The October 12, 2018 statement shows a balance due of $17,613.25 on the account number ending in 62009, and McCarter testified that this amount was the balance due on the EveryDay card.

The Bank also offered Exhibit 1B, a card member agreement dated December 28, 2017 showing "Christophe Sherwood" as the card member on a Hilton Honors card issued by "American Express Bank, FSB" with an account number ending in 71001. McCarter explained that the account "originated with Citibank," but "American Express took over the Citibank Hilton portfolio." The Bank did not offer any documentation of the transfer or assignment. McCarter testified there was a balance due in 2016 when the account was transferred from Citibank to American Express, but all of the statements for 2017 were missing. The February 19, 2018

statement included a note that "American Express Bank, FSB ("FSB") will undergo a legal entity change and be known as American Express National Bank ("AENB") as of April 1, 2018. Following that date, AENB will become the issuer of your Account." Based on monthly statements from February through October 2018 that were admitted into evidence as Exhibit 2B, McCarter testified that $9,190.22 was due on the Hilton Honors card.

The Bank then called Sherwood as an adverse witness. He testified that he had one American Express card and that "[t]he Citi Hilton became Amex." He denied familiarity with Exhibits 1A and 1B, but admitted that his name and his previous address were on some of the Bank's documents. He testified he used the EveryDay card in the past and did not pay the balance in full. He also testified that he had two Citibank credit cards, one of which "transferred to American Express," but he did not "remember when or being told about it." He did not recall "ever calling American Express or indicating to them that [his] card was lost or stolen." He was not asked, and did not testify, about specific amounts due on either card.

The Bank concluded its case by requesting a judgment of $26,803.64, the total amount it contended was due on the cards.

The trial court made findings of fact and conclusions of law. Among its findings were that the Bank "lacked proof that it owned the account upon which the charges were made," and "Hilton Honors account statements were admitted into evidence but with no assignment to [the Bank]." The trial court concluded that the

–4–

Bank "lacks standing as it failed to show that it owned the original claim on the date of the filing of this lawsuit."

The trial court rendered judgment that the Bank take nothing from Sherwood. This appeal followed.

## ISSUE AND STANDARD OF REVIEW

In one issue, the Bank challenges the legal and factual sufficiency of the evidence to support the trial court's judgment. We review findings of fact entered in a bench trial for legal and factual sufficiency of the evidence by the same standards used to review jury findings. *Smith-Gilbard v. Perry*, 332 S.W.3d 709, 713 (Tex. App.—Dallas 2011, no pet.). Because the Bank bore the burden of proof at trial and the trial court rendered judgment for Sherwood, on appeal the Bank must conclusively prove its right to judgment:

> When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. In reviewing a "matter of law" challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. The point of error should be sustained only if the contrary proposition is conclusively established. . . .

> When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. The court of appeals must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

*Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241–42 (Tex. 2001) (per curiam) (citations omitted). In a bench trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Anderton v. Green*, 555 S.W.3d 361, 371 (Tex. App.—Dallas 2018, no pet.).

## DISCUSSION

The Bank contends it conclusively proved its ownership of the accounts[1] and the amounts due. We consider the Bank's arguments for each account.

### 1. The Hilton Honors card

The Bank sought to prove that "American Express" became the issuer of Sherwood's Hilton Honors card although the account originated at Citibank. McCarter testified that "American Express took over the Citibank Hilton portfolio" and the accounts were assigned to American Express. The Bank argues Sherwood conceded that American Express acquired his Hilton Honors account from Citibank when he testified that "The Citi Hilton became Amex."

The Bank contends it also notified Sherwood of the subsequent "legal entity change" from "American Express Bank, FSB" to "American Express National

---

[1] We note at the outset that both the trial court and the parties referred to the dispositive issue as the Bank's "standing" to sue Sherwood. But the question here "is not truly a standing issue because it does not affect the jurisdiction of the court." *See John C. Flood of DC, Inc. v. SuperMedia, L.L.C.*, 408 S.W.3d 645, 651 (Tex. App.—Dallas 2013, pet. denied). Instead, Sherwood specifically denies that the Bank owns the claims or is a party to any agreement with him. This is a question of the Bank's capacity. *See id.* "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 775 (Tex. 2020) (internal quotations omitted).

Bank" (the plaintiff and appellant here) on the February 2018 Hilton Honors card statement, thus establishing its ownership of the account. The Bank cites Sherwood's use of the card and payments on the account after he had notice of the assignment as conclusive proof of the Bank's ownership.

The Bank concedes it did not introduce any written assignment instrument into evidence. The Bank argues, however, that McCarter's testimony was sufficient to establish the Bank's ownership of the account. The Bank contends that ownership of a credit card account can be established conclusively by testimony alone, citing among other authority *Ranjbar v. Citibank, N.A.*, No. 07-14-00275-CV, 2016 WL 303832 (Tex. App.—Amarillo Jan. 25, 2016, no pet.) (mem. op.).[2] In *Ranjbar*, however, the trial court's judgment was for the bank, and the court of appeals was required to imply all necessary findings and conclusions in support of that judgment.

---

[2] None of the other cases cited by the Bank for this proposition involved appellate review of a trial court's findings and conclusions after a bench trial. *See Nguyen v. Citibank, N.A.*, 403 S.W.3d 927, 930–31 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (summary judgment affidavit testimony without supporting documentation was sufficient to establish ownership of account where there was no controverting summary judgment evidence); *First Gibraltar Bank, FSB v. Farley*, 895 S.W.2d 425, 428–29 (Tex. App.—San Antonio 1995, writ denied) (citing cases holding that affidavit testimony is sufficient to conclusively establish ownership of promissory note even in absence of supporting documentation if there is no controverting summary judgment evidence, but concluding the rule did not apply where an internally inconsistent affidavit created a fact issue on ownership of note); *Hou-Tex Printers, Inc. v. Marbach*, 862 S.W.2d 188, 190–91 (Tex. App.—Houston [14th Dist.] 1993, no writ) ("mere allegation" in summary judgment motion that plaintiffs were owners and holders of promissory note was not evidence, and "[f]ailure to supply this essential proof [was] fatal"), and *NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1265 (5th Cir. 1994) (summary judgment affidavit with additional evidence of bank's ownership of promissory note was sufficient). Consequently, in contrast to this appeal, these cases did not require the creditors to conclusively prove their ownership of the accounts. *See Dow Chem. Co.*, 46 S.W.3d at 241–42. The creditors were required only to show there was no genuine issue of material fact regarding their ownership, *see* TEX. R. CIV. P. 166a(c), and the trial courts were not required to judge witness credibility. *See Palestine Herald-Press Co. v. Zimmer*, 257 S.W.3d 504, 508 (Tex. App.—Tyler 2008, pet. denied) (courts do not make credibility or weight determinations of summary judgment evidence).

*Id.* at \*1–3. Here, the Bank bears the opposite appellate burden, to conclusively establish the "contrary proposition" to the trial court's finding that the Bank "lacked proof that it owned the account upon which the charges were made" and its conclusion that the Bank "failed to show that it owned the original claim on the date of the filing of this lawsuit." *See Dow Chem. Co.*, 46 S.W.3d at 241–42. Further, because the trial court was the sole judge of credibility of the evidence and the weight to be given the witnesses' testimony, "we will not substitute our judgment for that of the fact finder" in our review on appeal. *See Fenlon v. Harris Cty.*, 569 S.W.3d 783, 791 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

When cross-examined on whether there was a written assignment from Citibank to American Express, McCarter testified that "I don't know what written assignment means." He explained that "American Express purchased the Citibank Hilton entire portfolio," but gave no further specific information about the "portfolio" or the inclusion of Sherwood's Hilton Honors account in it. During direct examination, the court asked McCarter:

> THE COURT: . . . [I]s there any documentation indicating Citibank, we're transferring everything over to American Express and it includes Mr. Sher[wood]'s account?
>
> A. So there's a memo on the account for Mr. Sher[wood]'s account that this was a transferred account.
>
> THE COURT: Do you have that document?
>
> MR. DEGRASSE [attorney for the Bank]: No, Judge.

Although the Bank argues that we must credit "conclusive evidence" that "allows of only one logical inference," *see City of Keller v. Wilson*, 168 S.W.3d 802, 814 (Tex. 2005) (internal quotation omitted), we disagree that McCarter's testimony conclusively proved the Bank's ownership of the Hilton Honors account. *Cf. Ranjbar*, 2016 WL 303832, at *2 (bank's evidence included testimony of witness with personal knowledge of bank's merger and ownership of account as well as properly-authenticated business records supporting same).

Assuming the Bank proved its ownership of the Hilton Honors account, it was also required to establish the elements of its breach of contract claim for the amount it alleged to be due. The Bank argues it conclusively proved the amount due, relying on McCarter's testimony and on Exhibit 2B, consisting of 2018 statements on the Hilton Honors account. The first Hilton Honors account statement in Exhibit 2B is dated February 19, 2018. It shows a "previous balance" of $8,908.50, with "$0.00" in "new charges." None of the subsequent statements show any charges on the card. The Bank's total claim of $9,190.22 on the account results from 2018 interest charges on the previous balance.

There is no documentation supporting the "previous balance," nor could McCarter testify to it. McCarter explained that all of the 2017 account statements for the card are missing. He also testified that any charges from 2016 were "made under Citibank. They weren't our charges. They were taking those charges from Citibank in the transfer over." Consequently, McCarter did not provide evidence that

Sherwood's use of the Hilton Honors card resulted in the $8,908.50 "previous balance" shown on the February 19, 2018 statement. Although as the Bank argues, Sherwood "said nothing" to dispute that $9,190.22 was due on the card, Sherwood's silence does not provide affirmative evidence that was otherwise lacking. We conclude that the Bank did not conclusively prove its right to judgment on the Hilton Honors account, and we decide this portion of the Bank's issue against it. *See Dow Chem. Co.*, 46 S.W.3d at 241–42 (no-evidence complaint should be sustained only "if the contrary proposition is established as a matter of law").

### 2. The EveryDay card

The Bank again relies on McCarter's testimony, the card member agreement, and the account statements that were admitted into evidence as conclusive proof of the Bank's ownership of the EveryDay card account and the amounts allegedly due. The Bank argues the card member agreement lists American Express Centurion Bank as issuer of the card, and a subsequent statement informed Sherwood of the issuer's legal entity change to American Express National Bank. It contends there is evidence that the Bank issued the card to Sherwood, Sherwood admitting using the card, and Sherwood made payments to the Bank.

Sherwood responds that the Bank brought suit on account number 62009 but at trial sought to prove a $17,613.25 balance due on account number 61001. Although McCarter testified that an account number may change "because of lost or stolen cards, because the card member requests it, [or] because the card number has

been compromised," Sherwood testified that to his recollection, none of these events occurred. Further, although Sherwood admitted using the card "[i]n the past," identified a "previous address" on some of the statements, and answered "No" when asked if he had paid "the balance in full," he did not admit to any specific balance due on either account number 62009 or account number 61001.

We conclude the Bank did not offer conclusive proof of its claim that Sherwood owed $17,613.25 on account number 62009. *See Dow Chem. Co.*, 46 S.W.3d at 241–42. We decide this portion of the Bank's issue against it.

**CONCLUSION**

The trial court's judgment is affirmed.


/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

200153f.p05

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

AMERICAN EXPRESS
NATIONAL BANK, Appellant

No. 05-20-00153-CV      V.

CHRISTOPHER SHERWOOD
A/K/A CHRISTOPHER J.
SHERWOOD A/K/A CHRIS
SHERWOOD, Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-14540.
Opinion delivered by Justice
Osborne. Justices Reichek and
Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Christopher Sherwood a/k/a Christopher J. Sherwood a/k/a Chris Sherwood recover his costs of this appeal from appellant American Express National Bank.

Judgment entered this 27th day of January, 2022.